FEDERAL DEPOSIT INSURANCE CORPORATION,
AS RECEIVER FOR SIGNATURE BRIDGE BANK, N.A.
Jeffrey Schmitt, Esq., Senior Counsel
Anne M. Devens, Esq., Counsel
Duncan N. Stevens, Esq., Counsel
3501 Fairfax Drive, VS-D-7062
Arlington, VA 22226
(703) 562-2204
jschmitt@fdic.gov
adevens@fdic.gov
dstevens@fdic.gov

SHERMAN ATLAS SYLVESTER & STAMELMAN LLP
Craig L. Steinfeld, Esq.
210 Park Avenue, 2nd Floor
Florham Park, NJ 07932
(973) 302-9700
csteinfeld@shermanatlas.com

Attorneys for Plaintiff
Federal Deposit Insurance Corporation, as Receiver for Signature Bridge Bank, N.A.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIG CRE 2023 VENTURE LLC, and FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>                                        Plaintiffs,<br><br>v.<br><br>DECO TOWERS ASSOCIATES LLC, ALEX SCHWARTZ, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, FAIRFAX ASSOCIATES INC., NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS F/K/A NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, ACON CONSTRUCTION/REN CORP, LIBERTY ELEVATOR CORPORATION, ARCHSTONE BUILDERS LLC, H&L IRONWORKS CORP., ELECTROTECH SERVICE EQUIPMENT, NUWAY HEATING COOLING INC., SAFETY AND QUALITY | *Civil Action No. 1:25-cv-2121*<br><br>**NOTICE OF REMOVAL**<br><br>Removed from the Supreme Court of the State of New York, County of New York |

PLUS INC., FINEST WINDOW INC., MC
ELECTRICAL NY INC., METRO R
SERVICES INC., METAL ROOF SUPPLIES
INC., ROSENWACH TANK CO LLC,
COHEN, WEISS, AND SIMON N/K/A
COHEN, WEISS AND SIMON LLP,
MEDRITE MIDTOWN WEST LLC,  NEW
YORK CITY DEPARTMENT OF
TRANSPORTATION, and JOHN DOE NO. 1
THROUGH JOHN DOE NO. 100,

Defendants.

**TO:**   Clerk
United States District Court, Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 1007

**WITH NOTICE TO:**

Clerk
Supreme Court of the State of New York
County of New York
New York County Courthouse
60 Centre Street
New York, New York 10007

Keith M. Brandofino, Esq.
Holland & Knight LLP
787 Seventh Avenue, 31st Floor
New York, New York 10019
Attorneys for Plaintiff
SIG CRE 2023 Venture LLC

Henry J. Bergman, Esq.
Moses & Singer LLP
405 Lexington Avenue
New York, New York 10174
Attorneys for Defendants
Deco Towers Associates LLC and Alex Schwartz

Joseph Zelmanovitz, Esq.
Stahl & Zelmanovitz
747 3rd Avenue
New York, New York 10017
Attorneys for Defendant
Fairfax Associates Inc.

Michele Mirro, Esq.
NYC Department of Finance
375 Pearl Street, 30th Floor
New York, New York 10038
Attorneys for Defendant
New York City Office of Administrative Trials and Hearings f/k/a
New York City Environmental Control Board

Manoj Ratnakar Andalkar, Esq.
Andalkar Law, P.C.
456 Pond View Road
Petersburgh, New York 12138
Attorneys for Defendant
Liberty Elevator Corporation

Steven Ira Tolman, Esq.
Armstrong Teasdale LLP
7 Times Square, Floor 44
New York, New York 10036
Attorneys for Defendant
Archstone Builders LLC

Michael R. Wood, Esq.
Cermele & Wood LLP
2 Westchester Park Drive, Suite 110
White Plains, New York 10604
Attorneys for Defendant
H&L Ironworks Corp.

Jennifer S. Smith, Esq.
Law Offices of Jennifer Smith PLLC
One Liberty Plaza
165 Broadway, 23rd Floor
New York, New York 10006
Attorneys for Defendant
Electrotech Service Equipment

Natasha Andreevna Moskvina, Esq.
Moskvina Law, PLLC
112 W. 34th Street, Floor 18
New York, New York 10120
Attorneys for Defendant
Safety and Quality Plus Inc.

Jonathan Andrew Samter, Esq.
Arthur J. Semetis, P.C.
286 Madison Avenue, Suite 1801
New York, New York 10017
Attorneys for Defendants
Metro R Services Inc. and Metal Roof Supplies Inc.

Almerinda Centore-Sitaras, Esq.
Sitaras & Associates, PLLC
200 Liberty Street, Floor 27
New York, New York 10281
Attorneys for Defendant
Rosenwach Tank Co LLC

Michael Seth Adler, Esq.
Cohen, Weiss and Simon LLP
909 3rd Avenue, Floor 12
New York, New York 10022
Attorneys for Defendant
Cohen, Weiss, and Simon n/k/a Cohen, Weiss and Simon LLP

Joy Tolulope Anakhu, Esq.
New York City Law Department
100 Church Street, Floor 3
New York, New York 10007
Attorneys for Defendant
New York Department of Transportation

**PLEASE TAKE NOTICE** that pursuant to 12 U.S.C. § 1819(b)(2)(B) and

28 U.S.C. § 1446, the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as

the Receiver for Signature Bridge Bank, N.A. ("FDIC-Receiver"), hereby removes the

above-captioned action currently pending in the Supreme Court of the State of New York,

County of New York, under Index No. 850248/2024 (the "State Court Action"), to the

4

United States District Court for the Southern District of New York.  The FDIC-Receiver reserves all defenses and rights available to it.  As grounds for removal of this case, the FDIC-Receiver states as follows:

## BACKGROUND

1.      This action was brought by SIG CRE 2023 Venture LLC ("SIG CRE"), as the holder of mortgages on real property and improvements located at 326-336 West 42nd Street a/k/a 327-337 West 41st Street, New York, New York a/k/a Section 4, Block 1032, Lot 48 (the "Property"). Those mortgages were formerly held by Signature Bank.

2.      On March 12, 2023, the New York State Department of Financial Services closed Signature Bank and appointed the FDIC as Receiver.  (True copies of the Appointment and Acceptance Letters are attached hereto as **Exhibit A**.)  Pursuant to that appointment, the FDIC as Receiver for Signature Bank took charge of Signature Bank's assets and is charged with winding up Signature Bank's affairs. *See* 12 U.S.C. § 1821(d)(2)(A)(i).

3.      Upon its appointment, the FDIC as Receiver for Signature Bank succeeded by operation of law to all of Signature Bank's assets, including the promissory notes for the loans at issue in this matter and its mortgage interests in the Property. 12 U.S.C. § 1821(d)(2)(A)(i).

4.      Shortly thereafter, the FDIC as Receiver for Signature Bank transferred to Signature Bridge Bank, N.A. ("Signature Bridge Bank") all of Signature Bank's rights, title and interest in the loans at issue here, along with Signature Bank's interests in leases and rents on the Property.  The FDIC as Receiver for Signature Bank

also executed assignments to Signature Bridge Bank of the mortgages on the Property and recorded those assignments.

5.     On March 20, 2023, the Office of the Comptroller of the Currency appointed the FDIC as receiver for Signature Bridge Bank (the "FDIC-Receiver").  (True copies of the Appointment and Acceptance Letters are attached hereto as **Exhibit B**.)  By virtue of that appointment, the FDIC-Receiver succeeded to all of Signature Bridge Bank's assets, including the promissory notes for the loans at issue in this matter and its mortgage interests in the Property.

6.     In December 2023, the FDIC-Receiver transferred all of its rights, title and interest in the loans at issue here, along with its interests in leases and rents on the Property, to its wholly-owned subsidiary, SIG CRE.[1]  The FDIC-Receiver also executed assignments to SIG CRE of the mortgages on the Property and recorded those assignments.

7.     SIG CRE, as Plaintiff, initiated this State Court Action against the defendants in July 2024.  Defendants Deco Towers Associates LLC and Alex Schwartz (together, the "Deco Defendants") moved to dismiss this State Court Action on September 27, 2024, arguing, *inter alia*, that the FDIC-Receiver's transfer of assets to SIG CRE was invalid because members of the FDIC's Board of Directors were unconstitutionally insulated from removal by the President of the United States.

8.     The FDIC-Receiver moved to intervene in this matter on November 8, 2024.  It argued in support of that motion that it had an interest in defending the

---

[1] The FDIC-Receiver formed SIG CRE on or about December 4, 2023, and subsequently sold a 20% interest in SIG CRE to a private owner.

constitutionality of its statute and of its transfer of assets to SIG CRE. The Deco Defendants opposed the motion.

9.      By Order signed on March 2, 2025 and filed on March 3, 2025, the Supreme Court of New York granted the FDIC-Receiver's motion to intervene in this State Court Action.

## BASIS FOR REMOVAL

10.      Pursuant to FIRREA, the FDIC-Receiver has a statutory right to remove state court cases in which it is a party to federal court. Specifically, 12 U.S.C. § 1819(b)(2)(B) states "the Corporation may, without bond or security, remove any action, suit or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party." *See also In re Franklin Nat. Bank Sec. Lit.*, 532 F.2d 842, 846 (2d Cir. 1976) (observing that § 1819 provides for removal of suits to which FDIC is a party, and that in removals by FDIC the requirement that "all defendants join in the petition for removal [is] inapplicable").[2]

11.      Furthermore, removal is proper as this case will involve questions of federal law, including but not limited to interpretation of 12 U.S.C. § 1812(a), which provides for the appointment of the FDIC's Board of Directors, and the separation of powers provided for under the U.S. Constitution.

---

[2] The Second Circuit in *Franklin* also recognized that the FDIC may remove matters in which it is a plaintiff. 532 F.2d at 845-46.

12.     Pursuant to 12 U.S.C. § 1819(b)(2)(B) and (b)(4), the FDIC-Receiver is not required to post any bond and is not subject to payment of filing fees in the United States District Courts.

13.     Pursuant to 28 U.S.C. § 1446(d), the FDIC-Receiver will promptly file a copy of this Notice of Removal with the Clerk of the Supreme Court of the State of New York, County of New York, and will promptly serve notice of the filing of this removal to all parties of record in the State Court Action.  (A true and correct copy of the Notice of Filing of Notice of Removal (without the attached Notice of Removal) is attached as **Exhibit C**.)

14.     Venue properly lies with this Court, pursuant to 28 U.S.C. § 1441(a) and 1446(a), as the State Court Action is presently pending in the Supreme Court of the State of New York, County of New York.

15.     A true and correct copy of the State Court Action docket sheet is attached hereto as **Exhibit D.**

16.     True and correct copies of all process, pleadings, and orders filed in the State Court Action, which are voluminous, will be filed separately shortly after the filing of this Notice of Removal.

Respectfully submitted,


SHERMAN ATLAS SYLVESTER
& STAMELMAN LLP
Attorneys for Plaintiff
Federal Deposit Insurance Corporation,
as Receiver for Signature Bridge Bank,
N.A.

By: _/s/ Craig L. Steinfeld_____
      Craig L. Steinfeld


FEDERAL DEPOSIT INSURANCE
CORPORATION, AS RECEIVER FOR
SIGNATURE BRIDGE BANK, N.A.
Jeffrey Schmitt, Senior Counsel
Anne M. Devens, Counsel
Duncan N. Stevens, Counsel

DATED: March 14, 2025

**<u>CERTIFICATE OF SERVICE</u>**

   I hereby certify that on the date hereof, a copy of this Notice of Removal

was filed via ECF and served on all counsel of record via email and FedEx.

       SHERMAN ATLAS SYLVESTER
       & STAMELMAN LLP
       Attorneys for Plaintiff
       Federal Deposit Insurance Corporation,
       as Receiver for Signature Bridge Bank, N.A.

       By: *<u>/s/ Craig L. Steinfeld</u>*
        Craig L. Steinfeld

DATED:  March 14, 2025

4932-0081-5142, v. 2

10