# Holland & Knight

787 Seventh Avenue, 31st Floor | New York, NY 10019 | T 212.513.3200 | F 212.385.9010
Holland & Knight LLP | www.hklaw.com

Stacey Lara
+1 212-513-3345
Stacey.Lara@hklaw.com

July 30, 2025

**VIA ECF**

Hon. Katherine Polk Failla
United State District Judge
Thurgood Marshall Courthouse
40 Foley Square
New York, New York 10007

Re: *SIG CRE Venture LLC and Federal Deposit Insurance Company v. Deco Towers Associates, LLC et al.*
Case Nos. 25-cv-2129 ("Guaranty Action") & 25-cv-2121 ("Foreclosure Action" and, collectively, the "Actions")

Your Honor:

This firm represents plaintiff SIG CRE Venture LLC ("SIG CRE") in the above captioned Actions. Before Your Honor is (1) defendants Deco Towers Associates LLC ("Deco"), Shlomo Wyler ("Wyler"), Alex Schwartz, and Rozzi Business Inc.'s ("Rozzi," together with Deco and Wyler, the "Guaranty Action Defendants") motion to remand ("Guaranty Remand Motion") and (2) defendants Deco and Alex Schwartz's ("Schwartz," together with Deco, the "Foreclosure Action Defendants") motion to remand (collectively, the "Remand Motions"), each filed on April 11, 2025 and fully briefed on May 16, 2025. We write to respectfully request that Your Honor issue a decision on the Remand Motions.

As background, on July 17, 2024, SIG CRE commenced the Guaranty Action in the Supreme Court of the State of New York by filing of a motion for summary judgment in lieu of complaint pursuant to CPLR 3213, seeking to enforce its rights under the loan documents executed by the Guaranty Action Defendants, including a certain Building Note in the original principal amount of $25,000,000.00, executed by Deco, a Payment and Completion Guaranty, executed by Wyler, and Payment Guaranty, executed by Rozzi. Deco opposed the motion for summary judgment in lieu of Complaint and Wyler and Rozzi filed a separate motions to dismiss. While the motions were pending, plaintiff Federal Deposit Insurance Company ("FDIC") filed a motion to intervene, which the Supreme Court granted on March 2, 2025 ("Guaranty Intervention Order").

July 30, 2025
Page 2

*See* Guaranty Action ECF Dkt. No. 4-5, NYSCEF Doc. No. 91.[1]  On March 14, 2025, the FDIC filed a Notice of Removal to this Court.  *Id*. at Dkt. No. 4-5, NYSCEF Doc. No. 94-95.

SIG CRE simultaneously commenced the Foreclosure Action in the Supreme Court by filing of a Summons and Complaint seeking to foreclose upon two mortgages encumbering the real property and improvements located at 326-336 West 42nd Street a/k/a 327-337 West 41st Street, new York, New York (the "Property"), which secure two notes executed by Deco in the total principal amount of $115,000,000.00, and guaranteed by Schwartz.  On September 27, 2024, the Foreclosure Action Defendants filed a motion to dismiss the Complaint.  On September 30, 2024, SIG CRE filed a motion to appoint a receiver, which was granted on November 18, 2024.  On November 8, 2024, the FDIC filed a motion to intervene, which the Supreme Court granted on March 2, 2025 ("Foreclosure Intervention Order").  *See* Foreclosure Action ECF Dkt. No. 7-4, NYSCEF Doc. No. 222.  On March 14, 2025, the FDIC filed a Notice of Removal to this Court.  *Id*. at Dkt. No. 7-5, NYSCEF Doc. No. 229.

On April 11, 2025, the Guaranty Action Defendants and the Foreclosure Action Defendants each filed the Remand Motions in the Actions on identical grounds, namely, that the FDIC does not satisfy the requirements of the statute on which it premises its removal petition, 12 U.S.C. § 1819(b)(2)(B), the Financial Institutions Reform, Recovery and Enforcement Act of 1989.  Guaranty Action ECF Dkt. Nos. 12-15; Foreclosure Action ECF Dkt. Nos. 21-24  The FDIC opposed the Remand Motions.  Guaranty Action ECF Dkt. No. 17; Foreclosure Action ECF Dkt. No. 32. [2][3]  The Remand Motions have been fully briefed since May 16, 2025.

While failing to pay its vendors and causing more than $17 million in mechanic's liens asserted against the Property, Deco has not made any of the required payments under the mortgages referenced above since October 2023 and has failed to pay the full amount due and owing under each of the Loans on the Maturity Date.  Moreover, Deco has ceased making the requisite payments for taxes (in the amount of $13,380,177.42),[4] and insurance (in the amount of $412,036),[5] and as such, SIG CRE has had to advance these payments on behalf of Deco.  Further, Deco has failed to maintain the Property, including failing to keep the façade code compliant, resulting in a $10,187.40 judgment (plus costs and interest) entered against it and in favor of the City of New

---

[1] Deco appealed the Intervention Order. *Id.* at NYSCEF Doc. No. 100.  The FDIC filed a motion to dismiss the appeal.  The motion to dismiss is returnable on July 28, 2025.  Deco's opposition to the motion was filed on July 21, 2025.

[2] On May 16, 2025, defendants Wyler and Rozzi filed a memorandum of law in support of the Guaranty Motion to Remand.  Guaranty Action ECF Dkt. No. 19.

[3] On May 2, 2025, defendant Fairfax Associates Inc. filed a memorandum of law in support of the Foreclosure Motion to Remand.  Foreclosure Action ECF. Dkt. No. 34.

[4] SIG CRE recently completed a tax appeal which resulted in a refund check of $1,633,262.64 which has been applied against the advances for taxes.

[5] In addition, in July 2025, SIG CRE, due to Deco's failure to obtain insurance, SIG CRE was required to obtain a renewal insurance policy (in the approximate amount of $589,000), which brings the total insurance advances to $1,001,036.

July 30, 2025
Page 3

York ("City").  SIG CRE has had to advance the sums due and owing to the City as a result of this judgment in order to avoid a Marshal's Sale, which was scheduled for August 1, 2025.

  Finally, the Actions have been pending for over a year and, due to the continued delay tactics by both the Foreclosure Action Defendants and Guaranty Action Defendants, are still at the early stages of litigation.  Accordingly, SIG CRE respectfully requests the Court issue an Order on the Remand Motions so the parties can proceed with the Actions, obtain a briefing schedule on the standing issues raised in the motions to dismiss, and continue the prosecution of the Actions.

  We thank the Court for its consideration of this letter.

         Respectfully submitted,

         HOLLAND & KNIGHT LLP


         */s/ Stacey A. Lara*

         Stacey A. Lara

#525099011_v4