UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SIG CRE 2023 VENTURE LLC and FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiffs,<br><br>-v.-<br><br>DECO TOWERS ASSOCIATES LLC; ALEX SCHWARTZ; NEW YORK CITY DEPARTMENT OF FINANCE; NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE; FAIRFAX ASSOCIATES INC.; NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS *f/k/a* NEW YORK CITY ENVIRONMENTAL CONTROL BOARD; ACON CONSTRUCTION/REN CORP; LIBERTY ELEVATOR CORPORATION; ARCHSTONE BUILDERS LLC; H&L IRONWORKS CORP.; ELECTROTECH SERVICE EQUIPMENT; NUWAY HEATING COOLING INC.; SAFETY AND QUALITY PLUS INC.; FINEST WINDOW INC.; MC ELECTRICAL NY INC.; METRO R SERVICES INC.; METAL ROOF SUPPLIES INC.; ROSENWACH TANK CO LLC; COHEN, WEISS, AND SIMON *n/k/a* COHEN, WEISS AND SIMON LLP; MEDRITE MIDTOWN WEST LLC; NEW YORK CITY DEPARTMENT OF TRANSPORTATION; and JOHN DOE NO. 1 THROUGH JOHN DOE NO. 100,<br><br>Defendants. | 25 Civ. 2121 (KPF)<br><br><br><br><br><br><br><br><br><br><br>**OPINION AND ORDER** |
| SIG CRE 2023 VENTURE LLC and FEDERAL DEPOSIT INSURANCE CORPORATION,<br><br>Plaintiffs,<br><br>-v.-<br><br>DECO TOWERS ASSOCIATES LLC, SHLOMO WYLER, and ROZZI BUSINESS INC.,<br><br>Defendants. | 25 Civ. 2129 (KPF) |

KATHERINE POLK FAILLA, District Judge:

These related cases arise from state court actions brought by SIG CRE 2023 Venture LLC ("SIG CRE") against Deco Towers Associates LLC ("Deco"), Alex Schwartz (together with Deco, the "Deco Defendants"), and Deco's guarantors and other interested parties (collectively, "Defendants") to foreclose on mortgages, enforce loan agreements, and seek judgments concerning the original McGraw-Hill Building at 330 West 42nd Street and its surrounding premises in Manhattan (the "Property and Premises").  The Federal Deposit Insurance Corporation (the "FDIC") successfully moved to intervene in both state court actions and then promptly removed them to this Court, invoking the FDIC's removal authority under 12 U.S.C. § 1819(b)(2).  Before the Court now are the Deco Defendants' motions to remand the cases to the Supreme Court of the State of New York.  For the reasons set forth below, the Court denies both motions.

**BACKGROUND**[1]

**A.    Factual Background**

The FDIC is a federal agency formed during the Great Depression to insure bank deposits and restore confidence in the nation's banking system.

---

[1]    This Opinion draws its facts from the Deco Defendants' Notice of Removal in each case ("2121 NOR" (Case No. 25 Civ. 2121, Dkt. #1); "2129 NOR" (Case No. 25 Civ. 2129, Dkt. #1)), Plaintiffs' state court complaint in Case No. 25 Civ. 2121 ("Foreclosure Compl." (Dkt. #4-1 at 5-39)), and Plaintiffs' state court motion for summary judgment in lieu of a complaint in Case No. 25 Civ. 2129, specifically Yihuan Zhang's affidavit in support of the motion for summary judgment ("Promissory Note Compl." (Dkt. #4-1 at 12-22)).  The Court treats the facts in Plaintiffs' state court pleadings as true for purposes of these motions to remand.  *See Fed. Ins. Co.* v. *Tyco Int'l Ltd.*, 422 F. Supp. 2d 357, 391 (S.D.N.Y. 2006) ("[On] a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff." (quoting *Jamison* v. *Purdue Pharma Co.*, 251 F. Supp. 2d 1315, 1318 (S.D. Miss. 2003))).  Where appropriate and relevant, the Court also refers to: (i) other filings

2

*See* 12 U.S.C. §§ 1811, 1819.  Among its many duties, the FDIC serves as a regulator for certain state-chartered banks, including Signature Bank in New York.  *See id.* §§ 1817(a), 1819, 1820(b).  In 2023, the New York State Department of Financial Services closed Signature Bank and appointed the FDIC as its receiver.  (Foreclosure Compl. ¶¶ 12, 59).

From approximately 2019 to 2022, Signature Bank made mortgage and other loans to Deco for its development of the Property and Premises. (Foreclosure Compl. ¶¶ 46-58; Promissory Note Compl. ¶¶ 10-12).  Shortly thereafter, Deco defaulted on those obligations.  (Foreclosure Compl. ¶¶ 74-

---

in the state court actions (Case No. 25 Civ. 2121, Dkt. #4-7; Case No. 25 Civ. 2129, Dkt. #4-5); (ii) the Declaration of Henry J. Bergman in support of the Deco Defendants' motion to remand in Case No. 25 Civ. 2121 ("Bergman 2121 Decl." (Dkt. #23)) and the exhibits attached thereto ("Bergman 2121 Decl., Ex. [ ]"); (iii) the Declaration of Henry J. Bergman in support of Deco's motion to remand in Case No. 25 Civ. 2129 ("Bergman 2129 Decl." (Dkt. #14)) and the exhibits attached thereto ("Bergman 2129 Decl., Ex. [ ]"); and (iv) the transcript of the April 16, 2025 initial pretrial conference ("IPTC Tr." (Case No. 25 Civ. 2121, Dkt. #30)).  *See UBS Sec. LLC* v. *Dondero*, 705 F. Supp. 3d 156, 160 n.2 (S.D.N.Y. 2023) (determining that courts may consider "material outside of the pleadings" on a motion to remand (citing *United Food & Com. Workers Union, Loc. 919, AFL-CIO* v. *CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994))); *accord Romano* v. *Kazacos*, 609 F.3d 512, 520 (2d Cir. 2010).

For ease of reference, the Court refers to the Deco Defendants' memorandum of law in support of their motion to remand in Case No. 25 Civ. 2121 as "Def. 2121 Br." (Dkt. #22); to Deco's memorandum of law in support of its motion to remand in Case No. 25 Civ. 2129 as "Def. 2129 Br." (Dkt. #13); to the FDIC's memorandum of law in opposition to the Deco Defendants' motions to remand in both cases as "FDIC Opp." (Case No. 25 Civ. 2121, Dkt. #32; Case No. 25 Civ. 2129, Dkt. #17); to the Deco Defendants' reply memorandum of law in Case No. 25 Civ. 2121 as "Def. 2121 Reply" (Dkt. #36); and to Deco's reply memorandum of law in Case No. 25 Civ. 2129 as "Def. 2129 Reply" (Dkt. #20).  The Court notes that the Deco Defendants' briefs in both cases are identical except for their description of the facts and procedural history of the respective state court actions.  For efficiency's sake, the Court cites primarily to the Deco Defendants' briefing in Case No. 25 Civ. 2121 throughout this Opinion except where the relevant facts and procedural history differ.  In addition, the Court notes that Defendant Fairfax Associates Inc. filed a separate memorandum of law in support of the Deco Defendants' motion to remand in Case No. 25 Civ. 2121 ("Fairfax Br." (Dkt. #34)), and that Defendants Shlomo Wyler and Rozzi Business Inc. filed a separate memorandum of law in support of Deco's motion to remand in Case No. 25 Civ. 2129 ("Wyler & Rozzi Br." (Dkt. #19)).

136; Promissory Note Compl. ¶¶ 19-21).  As Signature Bank's receiver, the FDIC came into possession of those assets.  (*See* Foreclosure Compl. ¶ 60).  Then, in 2023 and 2024, the FDIC transferred the assets via assignment to SIG CRE, a Delaware limited liability company that is partially owned by the FDIC. (*Id.* ¶¶ 1-2, 59-73; Promissory Note Compl. ¶¶ 13-15; IPTC Tr. 11, 16).

## B.      Procedural Background

In July 2024, SIG CRE brought the two underlying actions against Deco, its guarantors, and various interested parties in the Supreme Court of the State of New York.  (*See generally* Foreclosure Compl.; Promissory Note Compl.).  In the state court action that was removed as Case No. 25 Civ. 2121 (the "Foreclosure Action"), SIG CRE sought to foreclose on several mortgages on the Property and Premises (Foreclosure Compl. ¶ 1); and in the state court action that was removed as Case No. 25 Civ. 2129 (the "Promissory Note Action"), SIG CRE filed a motion for summary judgment in lieu of a complaint to enforce a promissory note (Promissory Note Compl ¶ 36).  In September 2024, the state court consolidated for discovery purposes the two actions filed by SIG CRE and a third action filed by another entity.  (Bergman 2121 Decl. ¶ 4; *id.*, Ex. C).  Later that month, the Deco Defendants moved to dismiss the Foreclosure Action, arguing in part that the FDIC's transfer of assets to SIG CRE was invalid "because members of the FDIC's Board of Directors were unconstitutionally insulated from removal by the President of the United States."  (Case No. 25 Civ. 2121, Dkt. #5-1 at 17-41; 2121 NOR ¶ 7).  And in October 2024, Deco filed its opposition to SIG CRE's motion for summary

judgment, in which it made the same argument about the constitutionality of the FDIC's Board of Directors.  (Case No. 25 Civ. 2129, Dkt. #5-2 at 18-44; 2129 NOR ¶ 7).

On November 8, 2024, the FDIC moved to intervene in both state court actions, arguing that "it had an interest in defending the constitutionality of its statute and of its transfer of assets to SIG CRE."  (2121 NOR ¶ 8; 2129 NOR ¶ 8).  The Deco Defendants opposed the FDIC's intervention in both cases.  (2121 NOR ¶ 8; 2129 NOR ¶ 8).  Nevertheless, on March 3, 2025, the state court granted the FDIC's motions to intervene.  (2121 NOR ¶ 9; 2129 NOR ¶ 9).

On March 14, 2025, the FDIC filed a notice of removal in each case.  (*See generally* 2121 NOR; 2129 NOR).  Both cases were assigned to this Court as related to each other.  On March 27, 2025, Defendant Liberty Elevator Corporation filed an answer with counterclaims in Case No. 25 Civ. 2121.  (Dkt. #13).  No answer or response has been filed in Case No. 25 Civ. 2129.

On April 11, 2025, the Deco Defendants moved to remand both cases to state court and filed supporting papers.  (Case No. 25 Civ. 2121, Dkt. #21-23; Case No. 25 Civ. 2129, Dkt. #12-14).  On April 16, 2025, the Court held an initial pretrial conference in both cases, during which it discussed the motions to remand, held off on the Deco Defendants' contemplated substantive motions, and set the schedule for the FDIC's opposition and Defendants' reply.  (IPTC Tr. 36-38).  The Court also allowed other Defendants and parties involved in either case to file submissions on the issue of remand.  (*Id.* at 38).  The FDIC filed a consolidated opposition in both cases on May 2, 2025.  (Case No. 25 Civ.

2121, Dkt. #32; Case No. 25 Civ. 2129, Dkt. #17).  And on May 16, 2025, the Deco Defendants filed their reply in each case.  (Case No. 25 Civ. 2121, Dkt. #36; Case No. 25 Civ. 2129, Dkt. #20).  In addition, Defendant Fairfax Associates Inc. ("Fairfax") filed a separate memorandum of law in support of the Deco Defendants' motion to remand in Case No. 25 Civ. 2121 (Dkt. #34), and Defendants Shlomo Wyler and Rozzi Business Inc. ("Rozzi") filed a separate memorandum of law in support of Deco's motion to remand in Case No. 25 Civ. 2129 (Dkt. #19).  Briefing on the motions to remand is now complete.

## DISCUSSION

### A.    Applicable Law

"[F]ederal courts are courts of limited jurisdiction and, as such, lack the power to disregard such limits as have been imposed by the Constitution or Congress."  *Purdue Pharma L.P.* v. *Kentucky*, 704 F.3d 208, 213 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C.* v. *Dupont*, 565 F.3d 56, 62 (2d Cir. 2009)).  "Congress has granted district courts original jurisdiction over cases in which there is a federal question, *see* 28 U.S.C. § 1331, and certain cases between citizens of different states, so long as the requirements of complete diversity and amount in controversy are met, *see* 28 U.S.C. § 1332."  *Id.*

In general, under 28 U.S.C. § 1441(a), a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction."  *See Gibbons* v. *Bristol-Myers Squibb Co.*, 919 F.3d 699, 704 (2d Cir. 2019) ("Section 1441 permits removal on the basis of either

federal question jurisdiction or diversity of citizenship.").  And once an action has been removed, 28 U.S.C. § 1447(c) allows the opposing party to remand to state court "on the basis of any defect in removal procedure or because the district court lacks subject matter jurisdiction."  *Frontier Ins. Co.* v. *MTN Owner Tr.*, 111 F. Supp. 2d 376, 379 (S.D.N.Y. 2000).  On a motion to remand, the removing party "bears the burden of demonstrating the propriety of removal." *Cal. Pub. Emps.' Ret. Sys.* v. *WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004) (internal quotation marks omitted) (quoting *Grimo* v. *Blue Cross/Blue Shield of Vt.*, 34 F.3d 148, 151 (2d Cir. 1994)); *see also Tantaros* v. *Fox News Network, LLC*, 12 F.4th 135, 141 (2d Cir. 2021) ("The removing defendant has the burden of establishing federal jurisdiction.").

Here, however, the FDIC primarily relies on its own statutory authority to establish the Court's removal jurisdiction.  The FDIC's organic statute provides that "all suits of a civil nature at common law or in equity to which the Corporation, in any capacity, is a party shall be deemed to arise under the laws of the United States."  12 U.S.C. § 1819(b)(2)(A).  Furthermore, "the Corporation may, without bond or security, remove any action, suit, or proceeding from a State court to the appropriate United States district court before the end of the 90-day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party."  *Id.* § 1819(b)(2)(B).

The Second Circuit has interpreted Section 1819(b)(2) as permitting the FDIC to use "its status as a receiver … [to] remove a derivative suit to federal

7

court despite the fact that its interest in the litigation is as a party plaintiff and only a 'defendant or defendants' may remove generally under 28 U.S.C. §§ 1441(a), 1446." *Franklin Nat'l Bank Sec. Litig.* v. *Andersen*, 532 F.2d 842, 843 (2d Cir. 1976).  In fact, Section 1819(b)(2) "provides for removal solely by virtue of the fact that the FDIC is a party." *Mizuna, Ltd.* v. *Crossland Fed. Sav. Bank*, 90 F.3d 650, 655 (2d Cir. 1996); *accord Panos* v. *Fed. Deposit Ins. Corp.*, No. 25-354, 2025 WL 3034205, at *1 (2d Cir. Oct. 30, 2025) (summary order). The jurisdictional grant in Section 1819(b)(2) independently supports "arising under" jurisdiction as "part of a comprehensive scheme enacted by Congress to serve and promote incontestably federal goals on a comprehensive basis." *Mizuna*, 90 F.3d at 655-56; *see id.* at 657 ("It is sufficiently clear … that 'Congress, pursuant to its unquestioned Art. I powers, has enacted a broad statutory framework' — here, one that confers suitable procedural and substantive rights and powers on the FDIC — and 'deliberately sought to channel' the cases in which the FDIC would have or may wield those powers 'away from the state courts and into federal courts, thereby reducing the potential for a multiplicity of conflicting results among the courts of the 50 States.'" (quoting *Verlinden B.V.* v. *Cent. Bank of Nigeria*, 461 U.S. 480, 497 (1983))).

**B.      The Court Denies Defendants' Motions to Remand**

### 1.      Section 1819(b)(2) Permits the FDIC to Remove Both State Court Actions As a Proper Party in Each Case

Both the statutory language of Section 1819(b)(2) and relevant case law interpreting the statute are clear that the FDIC may remove a state court case in which it is a party.  28 U.S.C. § 1819(b)(2); *Mizuna*, 90 F.3d at 655-57. Here, after the FDIC successfully moved to intervene in both state court actions, it became a party in each case.  (*See* Case No. 25 Civ. 2121, Dkt. #7-5 at 6 (state court order in the Foreclosure Action granting the FDIC's motion to intervene and permitting it "to intervene as plaintiff in this action"); Case No. 25 Civ. 2129, Dkt. #5-5 at 161 (identical language used in state court order in the Promissory Note Action)).  Lest the state court's language be unclear, this Court emphasizes that under both New York and federal law, a successful intervenor becomes a party to the case.  *See Dolomite Prods. Co., Inc.* v. *Town of Ballston*, 58 N.Y.S.3d 174, 177 (2017) ("[A] successful intervenor … becomes a party to the underlying proceeding for all purposes."); *Jean-Louis* v. *City of New York*, 342 F. Supp. 3d 436, 446 n.6 (S.D.N.Y. 2018) ("When a party intervenes, it becomes a full participant in the lawsuit and is treated just as if it were an original party." (internal quotation marks omitted) (quoting *Schneider* v. *Dumbarton Devs., Inc.*, 767 F.2d 1007, 1017 (D.C. Cir. 1985))).

As a result, because the FDIC became a party in each of the underlying state court actions here, the "suits … to which the [FDIC], in any capacity, is a party shall be deemed to arise under the laws of the United States," 12 U.S.C.

§ 1819(b)(2)(A), and the FDIC may remove the suits to federal court within 90 days, *id.* § 1819(b)(2)(B).  That is exactly what the FDIC did in both cases: within 90 days of the state court granting its motions to intervene, the FDIC timely removed the cases to this Court.  (*See generally* 2121 NOR; 2129 NOR).

The Deco Defendants challenge the FDIC's proper party status, arguing that "it is not a true party to this litigation in any capacity recognized by the statute" and that it "has no practical or legal stake in the outcome of th[ese] case[s]."  (Def. 2121 Br. 6-7).  Specifically, they cite a Sixth Circuit case interpreting Section 1819(b)(2)(A) as referring to "whether the FDIC is acting in its capacity as receiver or insurer" to contend that the FDIC may only be considered as a party for jurisdictional and removal purposes if it is acting as a receiver or insurer.  *Village of Oakwood* v. *State Bank & Tr. Co.*, 481 F.3d 364, 368 n.2 (6th Cir. 2007).  (*See* Def. 2121 Br. 6-7).  That case, however, is inapposite for several reasons.  *First*, because it is an out-of-circuit case, its interpretation does not bind this Court, and even the Sixth Circuit acknowledged in *Village of Oakwood* that its interpretation may differ from that of other circuits.  *See* 481 F.3d at 368 n.2.  *Second*, in *Village of Oakwood*, the FDIC did not successfully intervene in the underlying state court action, but rather sought to remove the case before the state court had an opportunity to rule on its motion to intervene.  *Id.* at 366; *see id.* at 367 (determining based on the case's procedural posture that "[i]ntervention cannot … create jurisdiction where none exists").  Here, in contrast, the FDIC successfully intervened in the underlying actions and was allowed to participate in each as a party plaintiff.

10

*Third*, and perhaps most critically, the FDIC did in fact intervene in its capacity as the appointed receiver for Signature Bank to protect its own interests.  (FDIC Opp. 12-14; s*ee, e.g.*, 2121 NOR ¶ 8 ("The FDIC-Receiver … argued in support of [its] motion[s] [to intervene] that it had an interest in defending the constitutionality of its statute and of its transfer of assets to SIG CRE.")).  To be sure, the FDIC was not substituted for Signature Bank in the underlying actions, but the statute does not require such a substitution, only that the FDIC is "substituted as a party" in general.  12 U.S.C. § 1819(b)(2)(B).  Furthermore, at least one of the interests that the FDIC sought to pursue in state court — namely, the validity of its asset transfers to SIG CRE — pertained to its capacity as Signature Bank's receiver.  That interest, the Court notes, is more than sufficiently practical and legal for the Court to conclude that the FDIC has a concrete stake in this litigation, especially now that it is a party plaintiff in each action.  *See, e.g.*, *Principe* v. *Crossland Sav., FSB*, 149 F.R.D. 444, 449 (E.D.N.Y. 1993) (explaining that the FDIC "ha[d] a direct interest in the outcome in the litigation" as the receiver of a failed bank even when it was not technically a party to the case).

The Deco Defendants raise a separate challenge to the FDIC's removal authority that is equally unavailing: that the removal "fails because the question of SIG CRE's standing to foreclose on the subject [m]ortgages is a question of state law, not federal law."  (Def. 2121 Br. 15-16).  According to the Deco Defendants, SIG CRE's standing to enforce the mortgages and other loans rests in part on the validity of the asset transfers from the FDIC, which in turn

11

raises constitutional questions about the FDIC's organizational structure, but ultimately, that issue of standing is purely one of "New York contract law." (*Id.*).  Therefore, the Deco Defendants reason, both cases ought to be remanded to New York state court.  (*Id.*).  But that argument misses the mark, as Section 1819(b)(2) provides for "arising under" jurisdiction based on the FDIC's involvement as a party, not based on the substantive issue in a given case. *See, e.g.*, *Mizuna*, 90 F.3d at 657 (concluding that "the district court had the power to decide th[e] case notwithstanding the absence of any federal law issue in the complaint or in the answers"); *King* v. *Crossland Sav. Bank,* 111 F.3d 251, 256 (2d Cir. 1997) (confirming Section 1819(b)(2)'s conferral of removal jurisdiction to consider "purely state law causes of action").[2]

### 2.    Defendants' Remaining Arguments Do Not Defeat Removal Jurisdiction

Perhaps recognizing the limits of their direct statutory attack, Defendants make alternative arguments about SIG CRE functioning as the FDIC's alter ego, the propriety of the FDIC's intervention in state court, and prudential considerations.  None of those remaining arguments convinces the Court that it lacks removal jurisdiction.

---

[2]    A separate provision of Section 1819(b)(2) carves out an exception to the FDIC's broad federal court and removal jurisdiction in certain state actions that implicate only state law.  *See* 12 U.S.C. § 1819(b)(2)(D).  However, none of the Defendants discusses this statutory provision, and in any event, the Court notes that the exception does not apply here because, among other things, neither of the original state court actions involves "preclosing rights."  *Id.* (*See* FDIC Opp. 5 n.4).

###### a.    The FDIC Did Not Initiate State Court Litigation Through SIG CRE As Its Alter Ego

The Deco Defendants argue that the FDIC's removal is improper because "it initiated this litigation in state court through its alter ego, SIG CRE, and is now attempting to reverse course and remove the case to federal court." (Def. 2121 Br. 8). According to the Deco Defendants, because the FDIC chose to bring litigation in state court first — through its alleged alter ego, SIG CRE — it is bound by that decision. (Def. 2121 Br. 8-10). *See FDIC* v. *S & I 85-1, Ltd.*, 22 F.3d 1070, 1074 (11th Cir. 1994) (explaining that Section 1819(b)(2) does not "contemplate[ ] the removal of an action to federal court by [the] FDIC where [the] FDIC elected to bring the action in state court, unless a subsequent action, suit, or proceeding is filed against it," including the filing of counterclaims by defendants). Furthermore, because Deco filed cross-claims against SIG CRE in the consolidated state-court cases on October 23, 2024, the Deco Defendants now argue that the FDIC's removal on March 14, 2025, is untimely because it exceeded the 90-day time limit that started on the date the cross-claims were filed. (Def. 2121 Br. 9; *see generally* 2121 NOR; 2129 NOR).

The Deco Defendants' argument fails because they cannot establish SIG CRE as the FDIC's alter ego. In Delaware, where SIG CRE is incorporated, a substantive alter ego claim requires showing "[i] that the parent and the subsidiary 'operated as a single economic entity' and [ii] that an 'overall element of injustice or unfairness … [is] present.'" *Fletcher* v. *Atex, Inc.*, 68 F.3d 1451, 1457 (2d Cir. 1995) (quoting *Harper* v. *Del. Valley Broads., Inc.*, 734

13

F. Supp. 1076, 1085 (D. Del. 1990), *aff'd*, 932 F.2d 959 (3d Cir. 1991)).  And under New York law, "determining whether an entity is properly understood as another's alter-ego for jurisdictional purposes … [requires] courts [to] consider 'whether there was a failure to observe corporate formalities, evidence of undercapitalization, intermingling of personal and corporate funds, shared office space and phone numbers, any overlap in ownership and directors[,] and whether the corporation was used to perpetrate a wrongful act against the [opposing party].'"  *HSM Holdings, LLC* v. *Mantu I.M. Mobile Ltd.*, No. 20 Civ. 967 (LJL), 2021 WL 918556, at *10 (S.D.N.Y. Mar. 10, 2021) (quoting *Cardell Fin. Corp.* v. *Suchodolski Assocs., Inc.*, No. 09 Civ. 6148 (VM) (MHD), 2012 WL 12932049, at *20 (S.D.N.Y. July 17, 2012), *report and recommendation adopted*, 896 F. Supp. 2d 320 (S.D.N.Y. 2012)).  The Deco Defendants have not shown that SIG CRE is the FDIC's alter ego under either test.  Evidence that SIG CRE may be a partially owned subsidiary of the FDIC for purposes of acquiring and enforcing mortgages is not sufficient to satisfy all of the required factors for treating it as the FDIC's alter ego for substantive or jurisdictional purposes.

The Deco Defendants attempt to circumvent the rigorous requirements of the alter ego doctrine by contending that assignees of the FDIC — like SIG CRE — "ought to be seen as standing in its shoes for jurisdictional purposes." (Def. 2121 Br. 9-10).  However, the language of Section 1819(b)(2) is clear: a case may be removed to federal court only when the FDIC itself becomes a party to that case.  Defendants cite no authority to support their claim of

14

assignee-based removal jurisdiction. To be sure, assignees may gain certain statutory and common law rights from the FDIC's transfer of assets. *See, e.g.*, *FDIC* v. *Bledsoe*, 989 F.2d 805, 811 (5th Cir. 1993) (extending the FDIC's six-year statute of limitations for enforcing failed bank assets to its assignees under 28 U.S.C. § 2415(a) and 12 U.S.C. § 1821(d)(14)); *Beal Bank, SSB* v. *Nassau County*, 973 F. Supp. 130, 134 (E.D.N.Y. 1997) (allowing the FDIC's assignee to void a tax deed using the FDIC's authority under 12 U.S.C. § 1825(b)(2)); *Fed. Deposit Ins. Corp.* v. *Newhart*, 892 F.2d 47, 50-51 (8th Cir. 1989) (extending the FDIC's "holder in due course" status to subsequent asset purchasers). But persuasive authority convinces the Court that the clear language of the FDIC's statute does not allow assignees like SIG CRE to stand in the shoes of the FDIC for purposes of establishing federal jurisdiction. *See First Nat'l Bank of Ga.* v. *Stone*, No. 10 Civ. 1053 (WSD), 2010 WL 11597748, at *1, 3 (N.D. Ga. June 9, 2010) (explaining that the "plain language" of Section 1819(b)(2) "provides for removal by the FDIC, not its assignees[,]" and refusing to allow the plaintiff to remove as an assignee of assets transferred by the FDIC); *see also Castleberry* v. *Goldome Credit Corp.*, 408 F.3d 773, 781 (11th Cir. 2005) (declining to consider the FDIC as an "*ipso facto*" party for timely removal purposes in a case that was initially filed against a subsidiary "whose ultimate parent was in receivership under the management of" the FDIC).

In sum, because the FDIC did not initiate state court litigation through SIG CRE as its alter ego, and because the FDIC did not become a party to both state court cases until its motions to intervene were granted on March 3, 2025,

15

the FDIC invoked Section 1819(b)(2) in a proper and timely manner to remove the cases to this Court.

>**b.**    **This Court Will Not Reconsider the FDIC's Proper State Court Intervention**

The Deco Defendants next argue that the FDIC failed to properly intervene under either New York or federal procedure.  (Def. 2121 Br. 10-13). Nevertheless, the decisions granting the FDIC's motions to intervene have already been made by the state court handling the Foreclosure Action and the Promissory Note Action.  In general, under the doctrine of the law of the case, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona* v. *California*, 460 U.S. 605, 618 (1983); *see In re Nordlicht*, 115 F.4th 90, 116 (2d Cir. 2024) (explaining that the law of the case doctrine generally applies to final "decisions made by a state court prior to removal to federal district court" (internal quotation marks omitted) (quoting *Torah Soft Ltd.* v. *Drosnin*, 224 F. Supp. 2d 704, 710 (S.D.N.Y. 2002))).  Here, the Deco Defendants point to no intervening change in controlling law, new evidence, clear error, or manifest injustice warranting this Court's reconsideration of an issue already decided by the state court.  *See DiLaura* v. *Power Auth. of State of N.Y.*, 982 F.2d 73, 76 (2d Cir. 1992).

Even if this Court were to reconsider the issue of intervention, it would have reached the same conclusion as the state court.  As the Court has already explained, the FDIC has a concrete stake in this litigation — that is, defending

16

the constitutionality of its organizational structure and the validity of its asset transfers. *See supra* B.1. Under New York law, intervention may be granted as of right or by permission. N.Y. C.P.L.R. §§ 1012, 1013; *see Yuppie Puppy Pet Prods., Inc.* v. *Street Smart Realty, LLC*, 906 N.Y.S.2d 231, 234-35 (1st Dep't 2010) (describing the requirements of each section and explaining that "[d]istinctions between intervention as of right and discretionary intervention are no longer sharply applied"). Specifically, "[i]ntervention is liberally allowed by [New York] courts, permitting persons to intervene in actions where they have a bona fide interest in an issue involved in that action." *Id.* That is certainly the case here, where the FDIC has a "real, substantial interest in the outcome of this litigation" that may not be "adequately represented" by SIG CRE, which does not have the same interest in defending the constitutionality of the FDIC. *Id.*[3]

And under federal procedure, which the Court highly doubts would have applied in the underlying state court actions, "the Second Circuit has instructed courts to take a 'hospitable attitude' toward 'allowing a government agency to intervene in cases involving a statute it is required to enforce.'" *Disability Advocs., Inc.* v. *Paterson*, No. 03 Civ. 3209 (NGG), 2009 WL 4506301, at *2 (E.D.N.Y. Nov. 23, 2009) (quoting *Blowers* v. *Laws. Coop. Publ'g Co.*, 527 F.2d 333, 334 (2d Cir. 1975) (per curiam)); *see* Fed. R. Civ. P. 24(b)(2)

---

[3] Defendants Mr. Wyler and Rozzi argue that the FDIC's intervention was "disingenuous" and prejudicial because it forced Defendants to face the "added burden and expense of federal litigation." (Wyler & Rozzi Br. 2-4). However, because this Court agrees with the state court's determination that the FDIC's intervention was proper under New York law, it finds that argument to be meritless.

17

(describing factors for permissive intervention by a government officer or agency). Here, under Federal Rule of Civil Procedure 24(b)(2)(A), the Court would have exercised its discretion to permit the FDIC's intervention so that it may defend its own statute.[4]

### c. Other Prudential Considerations Do Not Justify Remand

Finally, in a last-ditch effort, the Deco Defendants argue that the Court should take prudential considerations into account and remand the cases because they were previously consolidated with a third case that is still before the state court. (Def. 2121 Br. 13-15). Specifically, the Deco Defendants contend that this Court has "discretion to remand removed actions in circumstances like these where judicial economy, fairness, and the risk of inconsistent rulings weigh heavily in favor of returning the case[s] to the state forum." (*Id.* at 14). Although the Deco Defendants do not directly reference 28 U.S.C. § 1447, they cite cases in which sister courts in this District have exercised their discretion under that statutory provision to remand diversity cases. (*See id.*). Indeed, Section 1447 "authorizes district courts to 'remand an action to the state court' only 'if after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction'

---

4       Relatedly, Defendant Fairfax contends that remand is warranted under 28 U.S.C. § 1359 because the FDIC was improperly or collusively joined to invoke federal jurisdiction. (Fairfax Br. 1-3). *See Prudential Oil Corp.* v. *Phillips Petroleum Co.*, 546 F.2d 469, 474 (2d Cir. 1976). But Section 1359 is generally construed to "bar any improper attempt to create federal diversity jurisdiction." *Id.* at 475. Here, federal jurisdiction exists because of Section 1819(b)(2), which independently supplies "arising under" jurisdiction when the FDIC becomes a party. Therefore, Section 1359 is irrelevant.

18

and the district court decides, in its discretion, to 'permit such joinder.'"
*LeChase Constr. Servs., LLC* v. *Argonaut Ins. Co.*, 63 F.4th 160, 172 (2d Cir. 2023) (alterations adopted) (quoting 28 U.S.C. § 1447(e)).

The Court first notes that the Second Circuit has expressly prohibited the district court from exercising its discretion to remand under Section 1447(e) in circumstances where a plaintiff is "not seeking to join a non-diverse defendant or otherwise contesting the existence of diversity jurisdiction." *LeChase*, 63 F.4th at 162, 172-74.[5]  More critically, the Court emphasizes that there is a strong presumption against prudential abstention from the exercise of federal jurisdiction, as federal courts have a "virtually unflagging obligation … to exercise the jurisdiction given them."  *Colo. River Water Conservation Dist.* v. *United States*, 424 U.S. 800, 817 (1976).  That is especially true here, where Congress has independently conferred federal jurisdiction via Section 1819(b)(2) to allow the FDIC to litigate in federal court. In recognition of the general presumption against abstention as well as the specific circumstances of this case, the Court declines to abstain.

## CONCLUSION

For the foregoing reasons, the Deco Defendants' motions to remand are DENIED.  Consequently, the Deco Defendants' request for attorneys' fees and

---

[5]    Indeed, the Second Circuit found the rationale for remand in the cases on which the Deco Defendants rely (Def. 2121 Br. 14), including *Nnaji* v. *Guzman Fernandez*, No. 21 Civ. 1559 (KPF), 2021 WL 2433850 (S.D.N.Y. June 15, 2021); *Mensah* v. *World Truck Corp.*, 210 F. Supp. 2d 320 (S.D.N.Y. 2002); and *Reyes* v. *Rite-Line Transp., Inc.*, No. 13 Civ. 968 (RWS), 2013 WL 3388975 (S.D.N.Y. July 8, 2013), to be "wholly unpersuasive," *LeChase Constr. Servs., LLC* v. *Argonaut Ins. Co.*, 63 F.4th 160, 173 (2d Cir. 2023).

costs under 28 U.S.C. § 1447(c) is also DENIED.  The parties are directed to file a joint letter proposing next steps, including on the issue of adding Ambient Flooring Inc. as a party defendant (Case No. 25 Civ. 2121, Dkt. #53-54), by **March 4, 2026**.

The Clerk of Court is directed to terminate the pending motion at docket entry 21 in Case No. 25 Civ. 2121 and to terminate the pending motion at docket entry 12 in Case No. 25 Civ. 2129, and to docket this Opinion in both cases.

SO ORDERED.

Dated:   February 18, 2026
       New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

20