Sherman
Atlas
Sylvester &
Stamelman

Craig L. Steinfeld
Partner

T. 973.302.9697
F. 973.845.2546
csteinfeld@shermanatlas.com

March 4, 2026

**VIA ECF**

Hon. Katherine Polk Failla, U.S.D.J.
United States District Court for the
Southern District of New York
40 Foley Square
New York, New York 10007



MEMO ENDORSED

> Re:  *SIG CRE 2023 Venture, LLC and Federal Deposit Insurance*
> *Corporation v. Deco Towers Associates LLC, et al.*,
> **Civil Action No. 1:25-cv-2121-KPF**
>
> *SIG CRE 2023 Venture, LLC and Federal Deposit Insurance*
> *Corporation v. Deco Towers Associates LLC, et al.*,
> **Civil Action No. 1:25-cv-2129-KPF**

Dear Judge Failla:

We represent the Federal Deposit Insurance Corporation, as Receiver for Signature Bridge Bank, N.A., (the "FDIC-Receiver") in the above-referenced matters and respectfully submit this letter pursuant to Your Honor's Opinion and Order of February 18, 2026.

On February 24, 2026, in accordance with Your Honor's instruction, the FDIC-Receiver circulated to all parties a draft joint letter proposing a briefing schedule on the constitutional issue raised by Deco Towers Associates LLC and Alex Schwartz (together, the "Deco Defendants") in these matters. While counsel for many of the parties expressed that the FDIC-Receiver's proposed schedule was acceptable, counsel for several parties—including the Deco Defendants, Archstone, Shlomo Wyler and Rozzi Business, Inc.—expressed a preference for mediation. Unfortunately, the parties are unable to reach a consensus on how this matter should proceed.

These matters are, respectively, a foreclosure action and an action on a note (the "State Court Actions"), both initiated in July 2024 by Plaintiff SIG CRE 2023 Venture, LLC ("SIG CRE") against the Deco Defendants and other defendants. SIG CRE obtained its interest in the subject loans and loan documents via an assignment from the FDIC-Receiver, and the Deco Defendants have raised as a defense in both actions the argument that the FDIC's Board was not validly constituted when it authorized the

Hon. Katherine Polk Failla
March 4, 2026
Page 2

transfer of the loans, thereby invalidating the transfer and leaving SIG CRE with no interest in the loans. The FDIC-Receiver has intervened in these matters to address that issue.

The FDIC-Receiver believes that the dispositive motions initially filed in the State Court Actions are ripe for decision and proposes a relatively short briefing schedule for the constitutional issue. Specifically, the FDIC-Receiver proposes that it submit an initial brief, not to exceed 15 pages, on the constitutional issue on or before March 25, 2026, that the Deco Defendants submit a responsive brief not to exceed 15 pages on or before April 15, 2026, and that the FDIC-Receiver submit a reply brief not to exceed 7 pages on or before April 29, 2026. (This is the schedule that the FDIC-Receiver proposed in its draft joint letter circulated to all parties on February 24, 2026.)

As mentioned, several parties have expressed a preference for mediation. While the FDIC-Receiver would not be directly involved in and, thus, has no objection to mediation, it respectfully suggests that this matter can proceed on both tracks—i.e., briefing on the constitutional issue and mediation.

The Court has also requested that the parties address the pending motion by Ambient Flooring Inc. ("Ambient") to intervene in this matter. The FDIC-Receiver does not oppose Ambient's motion, and proposes that Ambient's Proposed Answer that it submitted to the Court on January 30, 2026 be filed promptly. Should Ambient wish to submit a brief in support of or in opposition to the pending dispositive motions, the FDIC-Receiver proposes that it should do so on or before March 25, 2026. Any response may be filed on or before April 15, 2026, and any reply by Ambient may be filed on or before April 29, 2026.

Thank you for Your Honor's consideration of this matter.

Respectfully submitted,

Craig L. Steinfeld

cc: All Counsel of Record (per attached service lists via email)

The Court has received the FDIC's above-letter and no response from Defendants to date.

The Court hereby GRANTS the FDIC's proposed briefing schedule and directs the parties to adhere to the following deadlines: the opening brief is due on or before **March 25, 2026;** the opposition is due on or before **April 15, 2026;** and the reply brief is due on or before **April 29, 2026.**

The Court also GRANTS Ambient's unopposed motion to intervene. (Dkt. #53).  Ambient must adhere to the timeline above if it wishes to participate in briefing on the dispositive motions.

The parties are directed to file a joint letter to the Court on or before **March 25, 2026,** indicating whether they would like to be referred to the Court-annexed mediation program.

The Clerk of Court is directed to terminate the pending motion at docket entry 53.

Dated:    March 10, 2026          SO ORDERED.
          New York, New York


                                  HON. KATHERINE POLK FAILLA
                                  UNITED STATES DISTRICT JUDGE