**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SIG CRE 2023 VENTURE LLC, and FEDERAL DEPOSIT INSURANCE CORPORATION <br><br> Plaintiff, <br><br> -against- <br><br> DECO TOWERS ASSOCIATES LLC, ALEX SCHWARTZ, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, FAIRFAX ASSOCIATES INC., NEW YORK CITY OFFICE OF ADMINISTRATIVE TRIALS AND HEARINGS F/K/A NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, ACON CONSTRUCTION/REN CORP, LIBERTY ELEVATOR CORPORATION, ARCHSTONE BUILDERS LLC, H&L IRONWORKS CORP., ELECTROTECH SERVICE EQUIPMENT, NUWAY HEATING COOLING INC., SAFETY AND QUALITY PLUS INC., FINEST WINDOW INC., MC ELECTRICAL NY INC., METRO R SERVICES INC., METAL ROOF SUPPLIES INC., ROSENWACH TANK CO LLC, COHEN, WEISS, AND SIMON N/K/A COHEN, WEISS AND SIMON LLP, MEDRITE MIDTOWN WEST LLC,  NEW YORK CITY DEPARTMENT OF TRANSPORTATION, AMBIENT FLOORING INC. and JOHN DOE NO. 1 THROUGH JOHN DOE NO. 100, <br><br> Defendants. | No. 1:25-cv-2121 <br><br><br> **ANSWER OF DEFENDANT AMBIENT FLOORING INC. WITH COUNTERCLAIM AND CROSS-CLAIMS** |

Defendant Ambient Flooring Inc. ("Ambient" or "Defendant"), by and through its undersigned attorneys, answers the Complaint of Plaintiffs SIG CRE 2023 Venture LLC and Federal Deposit Insurance Corporation ("Plaintiffs") as follows:

1

1.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint.

2.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 of the Complaint.

4.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint.

10.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint.

11.      Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

13.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Complaint.

23. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Complaint.

24. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 of the Complaint.

27. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint.

28. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint.

29. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint.

30. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint.

31. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint.

33. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint.

34. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint.

35. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint.

36. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint.

37. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint.

38. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint.

39. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint.

40. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Complaint.

41. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint.

42. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint.

43. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 of the Complaint.

44. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 44 of the Complaint.

45.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Complaint.

47.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint.

48.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint.

49.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint.

50.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 50 of the Complaint.

51.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint.

52.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint.

53.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint.

54.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint.

55.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint.

56. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Complaint.

57. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 57 of the Complaint.

58. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 58 of the Complaint.

59. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 of the Complaint.

60. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 60 of the Complaint.

61. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint.

62. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint.

63. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint.

64. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint.

65. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint.

66. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint.

67. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint.

68. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint.

69. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the Complaint.

70. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of the Complaint.

71. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 71 of the Complaint.

72. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 of the Complaint.

73. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 of the Complaint.

## **FIRST CAUSE OF ACTION**

74. Defendant repeats and realleges the prior responses to the Complaint as if set forth fully herein.

75. The allegations contained in Paragraph 75 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

8

76.    The allegations contained in Paragraph 76 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied. The allegations contained in Paragraph 76 further characterize a document which speaks for itself.  As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

77.    The allegations contained in Paragraph 77 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied. The allegations contained in Paragraph 77 further characterize a document which speaks for itself.  As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

78.    The allegations contained in Paragraph 78 characterize a document which speaks for itself.  As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

79.    The allegations contained in Paragraph 79 characterize a document which speaks for itself.  As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

80.    The allegations contained in Paragraph 80 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

81.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint.

82.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 of the Complaint.

83. The allegations contained in Paragraph 83 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

84. The allegations contained in Paragraph 84 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

85. The allegations contained in Paragraph 85 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

86. The allegations contained in Paragraph 86 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

87. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint.

88. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 88 of the Complaint.

89. The allegations contained in Paragraph 89 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

90. The allegations contained in Paragraph 90 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

91.    The allegations contained in Paragraph 91 characterize a document which speaks for itself.    As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

92.    The allegations contained in Paragraph 92 characterize a document which speaks for itself.    As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

93.    The allegations contained in Paragraph 93 of the Complaint consist of legal conclusions to which no response is required.    To the extent that a response is required,  the allegations are denied.

94.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint.

95.    The allegations contained in Paragraph 95 of the Complaint consist of legal conclusions to which no response is required.    To the extent that a response is required,  the allegations are denied.

96.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint.

97.    The allegations contained in Paragraph 97 of the Complaint consist of legal conclusions to which no response is required.    To the extent that a response is required,  the allegations are denied.

98.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 of the Complaint.

99.     The allegations contained in Paragraph 99 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

100.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 100 of the Complaint.

101.     The allegations contained in Paragraph 101 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

102.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 of the Complaint.

103.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 103 of the Complaint, except admits that Ambient has duly filed a mechanic's lien upon the Mortgaged Premises.

104.     Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint.

## SECOND CAUSE OF ACTION

105.     Defendant repeats and realleges the prior responses to the Complaint as if set forth fully herein.

106.     The allegations contained in Paragraph 106 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

107. The allegations contained in Paragraph 107 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

108. The allegations contained in Paragraph 108 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

109. The allegations contained in Paragraph 109 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

110. The allegations contained in Paragraph 110 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

111. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 111 of the Complaint.

112. The allegations contained in Paragraph 112 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

113. The allegations contained in Paragraph 113 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

114. The allegations contained in Paragraph 114 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

115. The allegations contained in Paragraph 115 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

116. The allegations contained in Paragraph 116 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

117. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 117 of the Complaint.

118. The allegations contained in Paragraph 118 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

119. The allegations contained in Paragraph 119 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

120. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 120 of the Complaint.

121. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 121 of the Complaint.

122. The allegations contained in Paragraph 122 of the Complaint consist of legal conclusions to which no response is required. To the extent that a response is required, the allegations are denied.

123. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 123 of the Complaint.

124.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 124 of the Complaint.

125.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 of the Complaint.

126.    The allegations contained in Paragraph 126 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

127.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 127 of the Complaint.

128.    The allegations contained in Paragraph 128 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

129.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 129 of the Complaint.

130.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 130 of the Complaint, except admits that Ambient has duly filed a mechanic's lien upon the Mortgaged Premises.

131.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 131 of the Complaint.

## THIRD CAUSE OF ACTION

132.    Defendant repeats and realleges the prior responses to the Complaint as if set forth fully herein.

133. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 133 of the Complaint.

134. The allegations contained in Paragraph 134 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

135. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 135 of the Complaint.

136. The allegations contained in Paragraph 136 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

<b><u>FOURTH CAUSE OF ACTION</u></b>

137. Defendant repeats and realleges the prior responses to the Complaint as if set forth fully herein.

138. The allegations contained in Paragraph 138 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

139. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 139 of the Complaint.

<b><u>FIFTH CAUSE OF ACTION</u></b>

140. Defendant repeats and realleges the prior responses to the Complaint as if set forth fully herein.

141.    The allegations contained in Paragraph 141 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

142.    The allegations contained in Paragraph 142 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

143.    The allegations contained in Paragraph 143 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

## SIXTH CAUSE OF ACTION

144.    Defendant repeats and realleges the prior responses to the Complaint as if set forth fully herein.

145.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 145 of the Complaint.

146.    The allegations contained in Paragraph 146 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

147.    The allegations contained in Paragraph 147 characterize a document which speaks for itself. As to those allegations, Defendant denies knowledge or information sufficient to form a belief as to their truth.

148.    The allegations contained in Paragraph 148 of the Complaint consist of legal conclusions to which no response is required.  To the extent that a response is required,  the allegations are denied.

149.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 149 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiffs' claims are barred by failure to state a claim for which relief can be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by their failure to mitigate damages.

3.    Plaintiffs' claims are barred, in whole or in part, by the equitable theories of estoppel, waiver and laches.

4.    Plaintiffs' claims are barred, in whole or in part, by failure of consideration.

5.    Plaintiffs' claims are barred by the doctrine of unclean hands.

6.    Plaintiffs' claims are barred by the applicable contractual or statutory periods of limitations.

7.    Plaintiffs' claims are barred by the doctrines of set off and recoupment.

8.    Plaintiffs' claims are barred by the doctrines of accord and satisfaction.

9.    Plaintiffs' claims are barred to their failure to join necessary parties to the action.

10.    Plaintiffs' claims are barred in whole or in part by applicable provisions of the New York Lien Law.

Defendant reserves the right to assert such additional defenses as may become known during discovery herein under applicable substantive law.

18

## FIRST COUNTERCLAIM AND FIRST CROSS-CLAIM

*(Claim to funds in satisfaction of Mechanic's Lien – Against All Plaintiffs and Co-Defendants)*

1.      On or about December 15, 2022, Ambient entered into a subcontract agreement with Defendant, Archstone Builders, LLC ("Archstone") , to perform certain labor in connection with the mechanical refining of concrete flooring for a commercial construction project located at the Premises (the "Project").

2.      The total value of the labor furnished by Ambient was $930,000.00.

3.      Archstone failed to pay Ambient in accordance with the terms of the Agreement.

4.      On August 21, 2023, Ambient duly filed a Notice of Mechanic's Lien against the Premises with the Office of the Clerk for the County of New York, the same county where the Premises is located, and duly served the Mechanic's Lien in accordance with the requirements of the New York Lien Law.

5.      On July 19, 2024, Ambient filed an Extension of Mechanic's Lien with the Office of the Clerk for the County of New York and duly served the Extension of Mechanic's Lien in accordance with the requirements of the New York Lien Law.

6.      Ambient filed a lien foreclosure action and Notice of Pendency in New York Supreme Court on July 10, 2025.

7.      Ambient has asserted a valid Mechanic's Lien against the Mortgaged Property, as evidenced by its public lien filing.

8.      As such, Ambient is entitled to be paid the value of its Mechanic's Lien from any surplus monies existing after a foreclosure sale in this action.

9.      Ambient hereby demands satisfaction of its Mechanic's Lien out of any such funds, and further demands that such funds be reserved and paid over to Ambient, before any such surplus is distributed to junior lienholders or the record owner.

**WHEREFORE** Ambient demands judgment on its First Counterclaim  and First Cross-Claim as follows:

A. Fixing the amount due to Ambient under its Mechanic's Lien;

B. Confirming Ambient's priority among other creditors;

C. Adjudging that Ambient is entitled to be paid the amounts due pursuant to the Mechanic's Lien from the monies available in connection with the foreclosure sale in this action; and

D. Awarding such other and further relief, including costs and attorney fees, as this Court deem just and proper.

## SECOND CROSS-CLAIM
*(Breach of Contract – Against Co-Defendant Archstone Builders LLC)*

10.      Defendant repeats and realleges the prior allegations in these Cross-Claims as if set forth fully herein.

11.      At all times, Ambient performed its obligations to Archstone under the parties' contract.

12.      At all times, Archstone was responsible for payment of Ambient's work, labor and services provided to Archstone under the parties' contract.

13.      By refusing and failing to pay for the work, labor and services provided to the Project by Ambient, Archstone has breached the contract between Ambient and Archstone.

14.      As a result of the foregoing, Ambient has suffered damages in the amount of $930,000.00 and Ambient is entitled to applicable interest.

**WHEREFORE** Ambient demands judgment on its Second Cross-Claim as follows: awarding Ambient a monetary judgment in an amount not less than $930,000.00 against Defendant

20

Archstone Builders, LLC, together with applicable interest and Ambient's costs of collection, including reasonable attorneys' fees, expenses and disbursements, and such other, further and different relief that the Court deems equitable and proper.

### THIRD CROSS-CLAIM

*(Unjust Enrichment – Against Co-Defendants Archstone Builders LLC and Deco Towers Associates LLC)*

15.  Defendant repeats and realleges the prior allegations in these Cross-Claims as if set forth fully herein.

16.  Ambient provided work, labor and services for the Project for the benefit of Archstone and Defendant Deco Towers Associates LLC ("Deco Towers") and with the expectation that it would be compensated for the same.

17.  Archstone had an objective expectation to pay Ambient for the work, labor and services provided for the Project.

18.  Archstone and Deco Towers have enjoyed the benefit of the work, labor and services Ambient supplied for the Project.

19.  Archstone and Deco Towers' retention of the benefit of the work, labor and services Ambient supplied to the Project without fully compensating Ambient would be unjust.

20.  Archstone and Deco Towers have been unjustly enriched in the amount of $930,000.00.

21.  As a result of the foregoing, Ambient has suffered damages in the amount of $930,000.00 and Plaintiff is entitled to applicable interest.

**WHEREFORE** Ambient demands judgment on its Third Cross-Claim as follows: awarding Ambient a monetary judgment in an amount not less than $930,000.00 against Defendants Archstone Builders, LLC and Deco Towers Associates LLC, together with applicable interest and Ambient's costs of collection, including reasonable attorneys' fees, expenses and

disbursements, and such other, further and different relief that the Court deems equitable and proper.

## FOURTH CROSS-CLAIM

*(Quantum Meruit – Against Co-Defendant Archstone Builders LLC)*

22.    Defendant repeats and realleges the prior allegations in these Cross-Claims as if set forth fully herein.

23.    Ambient supplied work, labor and services for the Project in good faith, for Archstone's benefit, and at Archstone's express direction, fully expecting compensation for same.

24.    Archstone received and accepted the benefit and use of the work, labor, and services that Ambient supplied to the Project.

25.    Ambient is entitled to the value of the work, labor and services it provided for the Project, all of which Ambient provided in a competent and workmanlike manner and all of which Archstone requested, received and accepted.

26.    Ambient is entitled to the *quantum meruit* value of the work, labor and services it provided and Archstone accepted during the Project.

27.    The reasonable *quantum meruit* value of the work, labor and services provided for the Project for which Archstone failed and refused to pay is the amount of $930,000.00.

28.    As a result of the foregoing, Ambient has suffered damages in the amount of $930,000.00 and Ambient is entitled to applicable interest.

**WHEREFORE** Ambient demands judgment on its Fourth Cross-Claim as follows: awarding Ambient a monetary judgment in an amount not less than $930,000.00 against Defendant Archstone Builders, LLC, together with applicable interest and Ambient's costs of collection,

22

including reasonable attorneys' fees, expenses and disbursements, and such other, further and different relief that the Court deems equitable and proper.

Dated:  New York, New York
         March 11, 2026

By:*/s/ Tom Gardner*
    Martin P. Skolnick
    Thomas B. Gardner
    Skolnick Legal Group, P.C.
    18 East 41st Street, 6th Floor
    New York, New York 10017
    Telephone: (212) 744-9600
    *Attorneys for Ambient Flooring Inc.*